IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHRISTOPHER REID,

Petitioner,

v.

LEONARD ODDO, *Warden, Moshannon Valley ICE Processing Center*, *et al.*,

Respondents.

Case No. 3:25-cv-237
Judge Stephanie L. Haines

**ORDER**

Pursuant to Federal Rule of Civil Procedure 65:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> > (A) *specific facts* in an affidavit or a verified complaint *clearly show* that immediate and irreparable injury, loss, or damage *will result* to the movant before the adverse party can be heard in opposition; and
> >
> > (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1) (emphasis added). Further, in order to obtain a temporary restraining order (a "T.R.O.") or a preliminary injunction (a "P.I."), a petitioner must show that: (1) he is likely to succeed on the merits, (2) denial will result in irreparable harm to the petitioner, (3) granting the injunction will not result in irreparable harm to the respondent(s), and (4) granting the injunction is in the public interest. *Maldonado v. Houston*, 157 F.3d 179, 184 (3d Cir. 1998); *Bieros v. Nicola*, 857 F. Supp. 445, 446 (E.D. Pa. 1994) ("The standards for a temporary restraining order are the same as those for a preliminary injunction."); *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017). The first two factors, likelihood of success on the merits and irreparable harm "operate both as essential elements and as factors that guide the exercise of equitable discretion. They are elements because the failure of the moving party to make *either* of those threshold showings is fatal to the issuance of a

preliminary injunction." *Transcontinental Gas Pipe Line Co., LLC v. Pennsylvania Environmental Hearing Board*, 108 F.4th 144, 150 (3d Cir. 2024) (emphasis added).

Here, upon review of Petitioner Christopher Reid's ("Petitioner") Motion for a T.R.O. and P.I., ECF No. 19, the Court finds that he has failed to make a sufficient showing to obtain either a T.R.O. or a P.I. at this time.[1] Therefore, **IT IS HEREBY ORDERED** that Petitioner's Motion at ECF No. 19 is **DENIED**.

---

[1] The Court takes this opportunity to more fully explain its decision. On November 7, 2025, this Court issued an Opinion and accompanying Order, ECF Nos. 16, 17, wherein it granted "Petitioner's Habeas Petition, ECF No. 1, in so much as the Petition request[ed] that this Court direct that he be afforded a constitutionally adequate bond hearing before an Immigration Judge[,]" but it denied "Petitioner's Habeas Petition, ECF No. 1, in all other respects" and therefore denied "Petitioner's Motion at ECF No. 6 [requesting a P.I. on the same facts] as moot." ECF No. 16, pp. 19–20. This Court found, in light of the factors set forth by the Third Circuit in *German Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203 (3d Cir. 2020), "that Petitioner's detention under § 1226(c) has become unreasonable[,]" and, therefore, this Court ordered Respondents to "provide Petitioner a constitutionally adequate bond hearing before an Immigration Judge within ten (10) days of the entry of [its] Order" at ECF No. 17. The Court subsequently closed the case and entered Judgment. ECF No. 18. On November 13, 2025, Petitioner filed a Motion for a T.R.O. and P.I., ECF No, 19, and an accompanying brief in support. ECF No. 20. In that Motion, Petitioner neglects to address the posture of the case or on what basis further action from this Court is appropriate. However, even if the Court assumes action may appropriately be taken on this new claim, Petitioner's Motion still fails.

In Petitioner's Motion for a T.R.O. and P.I., he sets forth that he has a bond hearing scheduled before an Immigration Judge in the Elizabeth, New Jersey Immigration Court for 2:30 P.M. on November 14, 2025—today. ECF No. 20, p. 6. Petitioner further alleges that his commissary account at Moshannon Valley Processing Center ("MVPC") has been closed and that he has been informed by MVPC staff that he is going to be transferred to another facility imminently. *Id.* at 6–7. In this way, Petitioner contends that such a transfer will inflict irreparable harm by causing him to miss his bond hearing. *Id.* at p. 9. Accordingly, Petitioner requests that this Court "enjoin Respondents from transferring [him] out of state." *Id.* at 13.

Turning first to the issue of jurisdiction, a request from an alien detainee in custody pursuant to the Immigration and Nationality Act ("INA") raises jurisdictional concerns. The Third Circuit has explained as a general matter that: "Congress has vested the Department of Homeland Security ("DHS") with authority to enforce the nation's immigration laws. Thus, as a part of DHS, ICE 'necessarily has the authority to determine the location of detention of an alien in deportation proceedings… and therefore, to transfer aliens from one detention center to another.'" *Calla-Collado v. Attorney General of U.S.*, 663 F.3d 680, 685 (3d Cir. 2011) (quoting *Gandarillas-Zambrana v. Bd. Of Immigration Appeals*, 44 F.3d 1251, 1256 (4th Cir. 1995)) (citing 6 U.S.C. § 202; 8 U.S.C. § 1231(g)(1)) (internal citations omitted).

Congress has "limited federal district courts' jurisdiction to review decisions or actions made pursuant to the sound discretion of DHS officials[.]" *Jane v. Rodriguez*, No. CV 20-5922 (ES), 2020 WL 10140953, at *1 (D.N.J. May 22, 2020). Indeed, 8 U.S.C. § 1252(a)(1)(B)(ii) provides that "no court shall have jurisdiction to review any decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security…" And, in 8 U.S.C. § 1231(g)(1), Congress clearly set forth that: "[t]he Attorney General shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal." In this way, the Third Circuit has explained that § 1231(g)(1) establishes that:

> [T]he place of detention is left to the discretion of the Attorney General. *See* 8 U.S.C. § 1231(g)(1) ("The Attorney General shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal."); *Gandarillas–Zambrana v. BIA,* 44 F.3d 1251, 1256 (4th Cir.1995) ("The INS necessarily has the authority to determine the location of detention of an alien in deportation proceedings ... and therefore, to transfer aliens from one detention center to another."); *Rios–Berrios v. INS,* 776 F.2d 859, 863 (9th Cir.1985) ("We are not saying that the petitioner should not have been transported to Florida. That is within the province of the Attorney General to decide."); *Sasso v. Milhollan,* 735 F.Supp. 1045, 1046 (S.D.Fla.1990) (holding that the Attorney General has discretion over location of detention).

*Sinclair v. Attorney General of U.S.*, 198 F. App'x 218, 222 n.3 (3d Cir. 2006). Thus, Petitioner's request that this Court bar his transfer to a different facility implicates serious jurisdictional questions as that decision rests in the discretion of the Attorney General, an area over which Congress appears to have restricted this Court's jurisdiction. However, even if this Court possessed jurisdiction over Petitioner's request, his Motion would still fail as he has failed to allege sufficient facts to satisfy either of the gateway factors for grant of a T.R.O. or P.I. *See Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017) (characterizing likelihood of success on the merits and a showing of irreparable harm as "gateway factors.").

Turning to the likelihood of success on the merits, Petitioner simply contends that he has already succeeded on the merits in light of this Court's November 7th Opinion and Order granting his Habeas Petition in Part. However, this assessment fails to adequately take stock of the difference in the requests made in Petitioner's Habeas Petition and the instant Motion for a T.R.O. and P.I. Indeed, this Court did grant, in part, Petitioner's underlying Habeas Petition after finding that Petitioner's detention has become unreasonable under the factors set forth by the Third Circuit in *German Santos*, 965 F.3d 203. However, in the instant Motion for a T.R.O. and P.I., Petitioner has not raised a claim relative to the reasonableness of his continued detention but, instead, a claim that Respondents are precluded by law from transferring him to another, out of state facility, particularly while he has a bond hearing scheduled. In assessing this claim, the Court first notes that Petitioner has, what appears to be, an in-person bond hearing scheduled in an Immigration Court in New Jersey; however, Petitioner is housed at MVPC in Pennsylvania. ECF No. 20, pp. 4, 6. Thus, it would appear that some type of out of state transfer or, at least, transport would be necessary to comply with this Court's Order and afford him a constitutionally adequate bond hearing. Further, Petitioner does not provide the Court with any legal authority for the principle that his transfer away from MVPC, potentially to the location of his bond hearing, is inappropriate. Therefore, Petitioner has failed to show a likelihood of success on the merits.

Relative to the second factor—irreparable harm—Petitioner fails to sufficiently allege how a potential transfer from MVPC in Pennsylvania to another facility would prevent him from participating in his bond hearing in New Jersey this afternoon. Indeed, a T.R.O. must be supported by facts sufficient to allege imminent irreparable harm, *see* FED. R. CIV. P. 65(B)(1)(A), and a P.I. may only be "awarded on a clear showing that the plaintiff is entitled to such relief[.]" *Winter v. Natural Resource Defense Council, Inc.*, 555 U.S. 7, 22 (2008). The Supreme Court has explained this standard in the following manner:

> Our frequently reiterated standard requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is *likely* in the absence of an injunction. *Los Angeles v. Lyons,* 461 U.S. 95 (1983); *Granny Goose Foods, Inc. v. Teamsters,* 415 U.S. 423 (1974); *O'Shea v. Littleton,* 94 S.Ct. 669 (1974); see also 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948.1, p. 139 (2d ed.1995) (hereinafter Wright & Miller) (applicant must demonstrate that in the absence of a preliminary injunction, "the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered"); *id.*, at 154–[]55[; *O'shea,*] 94 S.Ct. 669 ("[A] preliminary injunction will not be issued simply to prevent the possibility of some remote future injury"). Issuing a preliminary injunction **based** only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief. *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997) (*per curiam*).

*Id.* (cleaned up) (emphasis in original). In other words, "[a] party seeking prospective injunctive relief must demonstrate a real and immediate, i.e., not speculative, threat of future harm." *Louisiana Counseling & Fam. Servs.*

DATED: November 14, 2025:

BY THE COURT:

*/s/ Stephanie L. Haines*
STEPHANIE L. HAINES
UNITED STATES DISTRICT JUDGE

---

*Inc. v. Mt. Fuji Japanese Rest.*, No. 08-6143, 2014 WL 941353, at *7 (D.N.J. Mar. 11, 2014) (*aff'd sub nom.* in *Brown v. Mt. Fuji Japanese Rest.*, 615 F. App'x 757 (3d Cir. 2015)) (citing *City of Los Angeles v. Lyons,* 461 U.S. 95, 111 (1983)).

As the Court noted above, Petitioner's transfer may be necessary to accommodate his out of state bond hearing, and thus facilitate affording him due process rather than constitute an attempt to circumvent this Court's Order. Therefore, because there is nothing to suggest that such a transfer would, on its face, be incompatible, with this Court's November 7th Order, affording Petitioner a constitutionally adequate bond hearing, and because this Court's November 7th Order would remain binding in the same manner should Petitioner be transferred, Petitioner has failed to demonstrate immediate and irreparable injury in accordance with the standard enunciated by the Supreme Court.

Thus, even if the jurisdictional issues implicated by Petitioner's requested relief are assumed to fall in his favor, he has still failed to sufficiently plead the presence of either of the two necessary gateway factors for obtaining a T.R.O. or a P.I.. Therefore, the Court must deny Petitioner's Motion. *See Transcontinental Gas Pipe Line Co., LLC*, 108 F.4th at 150 (explaining that failure to make a showing of either threshold factor is fatal to a request for injunctive relief).